## LOWER ET AL. *v.* UNITED STATES EX REL.

Where a statute of Illinois requires the board of town-auditors to audit charges including judgments against the town, in order that provision for paying them may be made by taxation, — *Held,* that, where a judgment against the town was rendered by a court having jurisdiction of the parties and the subject-matter, auditing it is a mere ministerial act not involving the exercise of official discretion, the performance of which can be coerced by *mandamus.*

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The town of Ohio, in the county of Bureau and state of Illinois, issued coupon bonds, bearing date Jan. 1, 1871, by way of payment for its subscription to the stock of the Illinois

Grand Trunk Railway.   Such subscription had been made as authorized by an act of the General Assembly of that State in force March 25, 1869, which provided that it should be the duty of the proper authorities of the town to provide for the prompt payment of all interest and other liabilities accruing on such bonds, and to levy such taxes as may be necessary therefor as other taxes are levied.   Private Laws of 1869, vol. iii. p. 307.

George O. Marcy, the holder of overdue and unpaid coupons attached to such bonds, brought suit in the Circuit Court of the United States for the Northern District of Illinois against the town, and on the twelfth day of March, 1873, recovered judgment for the sum of $4,286.60 and costs of suit.

On the fifteenth day of September, 1874, $1,500 was paid at the treasury of the State on said judgment.   Marcy then presented a claim for the balance due thereon to the board of auditors of the town, who are the plaintiffs in error, and demanded that the same should be audited and certified to the town-clerk, in order that provision might be made for the payment thereof, according to the township organization and revenue laws of the State.   The board allowed the sum of $871.78, but refused to audit the remainder, amounting to $2,516.85, so that he was unable to obtain the necessary levy and collection of taxes for the purpose of satisfying it.   Whereupon Marcy filed a petition for a *mandamus* against the board.

The board, in their answer, admitting the issue and validity of the bonds and the rendition of the judgment upon the coupons, set up that said bonds were registered at the office of the Auditor of Public Accounts of the State, and that each of them and of the coupons thereto attached was payable at the office of the State treasurer, under and by virtue of an act entitled "An Act to fund and provide for paying the railroad debts of counties, townships, cities, and towns," in force April 16, 1869; and that the mode of collecting the bonds and coupons, or the judgment rendered thereon, was fully and solely prescribed by the provisions of that act.

Submitted on printed arguments by *Mr. J. J. Herron* and *Mr. T. Lyle Dickey* for the plaintiffs in error. and by *Mr. George O. Ide, contra.*

MR. JUSTICE DAVIS delivered the opinion of the court.

The answer in this case presents no valid defence. The object of the petition is to compel the plaintiffs in error, as town-auditors, to audit a judgment rendered against the town of Ohio upon overdue coupons attached to bonds issued by that municipal corporation, so that it can be placed in process of collection, in accordance with the Illinois township law. This law provides specifically for the auditing of town-charges, among which judgments are included, and for the levy of taxes to pay them (Rev. Stat. of Ill. 1874, p. 1080) ; but the plaintiffs in error say that judgments like the one in question can only be collected through the mode pointed out in the Funding Act of April 16, 1869. Id. 791 *et seq.*

If this were so, the relator would be placed in an unfortunate predicament, as he could neither sue out an execution upon the judgment, nor resort to local taxation to collect it, nor oblige the State to pay it.

The Funding Act, originating in the necessities of the indebted municipalities of the State, proposed a mode to help them, by the collection and disbursement of a State tax levied within their respective limits ; but the State expressly disclaimed all liability on account of their indebtedness, and only assumed the character of a custodian of the money which reached the treasury. The act did not profess to change the terms of the securities, nor exempt the municipality from the obligation to pay them. They were, it is true, registered in the office of the auditor of public accounts, and payable at the treasury of the State ; but the relator was not required to resort only there for payment. This means might fail ; but, whether it did or not, his claim against the municipality for the debt evidenced by the coupons was not thereby impaired. This is especially true when they have been merged in a judgment ; for there is no provision in the Funding Act to pay it. Even if it could be paid from the taxes levied by the State, the remedy he invoked is not taken away. It would be singular if it were, when the town owes the debt, and the judgment so declares. The statute (Rev. Stat. of Ill. 1874, p. 691) provides " that the writ of *mandamus* shall not be denied because the petitioner may have another specific legal remedy, when such writ will

afford a proper and sufficient remedy." Under it, the inquiry, whether there is even a better mode of redress than the one asked for, does not arise. It is enough to know that the writ is an appropriate and efficient method to compel town-auditors to audit a charge against the town when their action is necessary to determine the amount of money to be raised by taxation. In Illinois, an ordinary execution does not issue on such a judgment; but the corporate authorities can be required to raise by taxation the means of paying it, when the board of auditors have certified that it is a proper charge against the town. The relator took the necessary steps to have this certificate made; but the plaintiffs in error only allowed a small portion of the balance due him, without any legal excuse for not auditing the residue. They admit in their answer all the material averments of the petition, and are not at liberty to question the liability of the town to pay the judgment. It does not differ, so far as they are concerned, from one obtained against the town for ordinary charges. It was rendered by a court having jurisdiction of the parties and the subject-matter, and there is no controversy as to the amount remaining unpaid. Auditing it, so that provision may be made for its payment by taxation, is a mere ministerial act not involving the exercise of official discretion, the performance of which can be coerced by *mandamus.*

The Circuit Court in this case commanded the auditors to meet forthwith and audit the judgment.

Although we are not prepared to say that the court exceeded its power in this particular, yet we are of the opinion that this order, if carried out, might lead to embarrassments, and that it were better it should be modified. The statute requires that the board of auditors shall meet semi-annually to examine and audit town-charges. It is made their duty to cause a certificate of their proceedings to be filed with the town-clerk, for the purpose of having the same certified to the clerk of the county, in order that the amount certified may be by him levied and collected by taxation in the manner prescribed by the revenue laws of the State.

If the clerk should be advised that he was not authorized to extend a tax for the payment of this judgment on a certificate

of the auditors made at an irregular meeting, the relator would be still further delayed, as the writ in this case operates on the auditors, and not on the clerk. In order to avoid the delay, if nothing more, which would occur if such a question were raised, it is advisable that the auditors be required to meet at a time authorized by the statute.

*The judgment of the Circuit Court will therefore be modified, so as to direct the board to assemble at their next regular semi-annual meeting and allow said judgment.*