Boynton, J.
We have carefully examined and considered the evidence embodied in the bill of exceptions, and are clearly satisfied that there was no negligence on the part of the defendant below7 in the management of the train which ran upon and killed the plaintiff's mare. The order of the court of common pleas denying the motion for a new trial, and the judgment of the district court affirming the same, are clearly erroneous unless the evidence establishes the liability of the company grownng out of its failure to construct and maintain a good and sufficient fence along the line of its road. The case seems to have been tried on the theory, as respects this ground of •liability, that neither an averment of the facts nor the introduction of evidence was necessary to establish the right to recover. There was an entire absence of both.
The only allegation in the petition on the subject is, that the company was, by law7, bound to fence and inclose said track, and that in consequence of the neglect and failure of the defendant to fence and inclose the same, the mare entered said track without difficult}7. It is not alleged that the injury resulted through the want or insufficiency of such fence, nor is there any statement of facts upon which the liability of the company arising from failure to build and maintain such fence depends. Nor was any evidence offered tending to establish the duty, and the liability consequent on a failure to perform it. It is well settled law7, that an allegation of duty without stating the facts from which the duty arises, is insufficient, and, without legal significance. It is also true, if the facts stated do not give rise to the duty alleged, the allegation of duty is immaterial. Hewston v. New Haven, 34 Conn. 136; 29 Ib. *558 548; Cane v. Chapman, 5 Ad. & El. 647; Seymour v. Maddox, 5 Eng. L. & Eq. 265; Priestly v. Fowler, 8 M. & W. 1.
“ A traverse ought not to be taken but where the thing traversed is an issuable fact.” Bennet v. Filkins, 1 Saund. 21 (n.) “ Matter of law shall not be put in issue to be tried to the country.” Priddle and Napier’s case, 11 Rep. 10 b. In Stephen on Pleading, 201, the author says: “ With respect to all traverses, it is laid down as a rule that a traverse must not be taken upon matter of law, for a denial of the law involved in the precedent pleading is, in other words, an exception to the sufficiency of that pleading in point of law, and is therefore within the scope and proper province of a demurrer and not of a traverse.” On page 314, the author further says: “ As it is unnecessary to allege matter of law, so, if it be alleged, it is improper to make it the subject of traverse.” In 1 Chitty on Pleading, 339, the rule is stated to be: “ In declarations for the breach of duty to which the defendant is subject in respect of his particular character or situation, the particular situation of the defendant from which his duty and liability arise must be concisely stated.” “Where a conclusion of law is alleged from the matters of fact before stated, it ought not to be traversed, but the matters precedent upon which it depends, which are proper matters of fact.” Beal v. Simpson, 1 Ld. Raym. 412; Bac. Ab., title Pleas and Pleadings, 457; Comyn’s Digest (G 5). “Mere averments of a legal conclusion are not admitted by a demurrer, unless the facts and circumstances set forth are sufficient to sustain the allegation.” Gould v. Evansville, 91 U. S. 536; Lea v. Robeson, 12 Gray, 280; Dillon v. Barnard, 21 Wall. 430; Story’s Eq. Plead., § 254 b; Redmond v. Dickenson, 1 Stockt. Ch. 507.
These principles, so firmly founded in the common law, were carried into the code of civil procedure. Section 85 requires the petition to contain a statement of the facts constituting the cause of action. Section 109 declares it sufficient if the affidavit verifying a pleading shall state that the affiant believes the facts stated therein to be true. *559 And section 129 provides that neither presumptions of law, nor matters of fact of which judicial notice is taken, need be stated in the petition. If a fact, the existence of which the law presumes need not be stated, a fortiori, should matter of law be omitted. Recognizing the fact that the code had neither changed nor modified the rule of the common law in respect to the point under discussion, the court held, in Knox County Bank v. Loyd’s Adm'r, 18 Ohio St. 353, that a pleading, in answer to a statement of facts constituting a cause of action, which merely denies that anything is due the adverse party, is the statement of a mere legal conclusion embodying no matter of fact, and as a pleading has no legal effect. To the same effect is Larimore v. Wells, 29 Ohio St. 13, where it was said: “ To tolerate such pleading would defeat one of the beneficial objects of the code, which aims to narrow the issues to such matters of fact as the parties can verify on oath.” It being the object of all pleading to reach a specific and definite issue upon a material fact which constitutes the subject-matter of dispute, the facts constituting the cause of action or ground of-defense should now, as before the code, be stated in their logical order and with clearness and precision. The right invaded, the breach of duty, and the resulting damage, should be made clearly to appear from the facts stated. A statement of facts which create a statutory obligation, or give rise to a common law duty, can not be substituted or dispensed with, by a mere allegation that the obligation or duty exists.
Applying the rule, thus clearly settled, to the question here made, it becomes one of easy solution. The defendant’s liability, if it' existed at all, arose from non-compliance with the act of April 26,1871 (68 Ohio L. 78). That act requires every railroad company, or other party having the control or management of a railroad which, in whole or in part, is located in this state, within one year after commencing to run cars thereon for the transportation of passengers or freight, to construct and maintain good and sufficient fences on both sides of such road, or such part *560 thereof as shall be in running order; and declares that the company shall be liable for all damages which may result to horses, cattle, or other domestic animals, by reason of the want or insufficiency of such fences. As above stated, no facts are alleged that bring the case of the plaintiff below within the operation of this statute. The liability arising from the non-performance of the duty enjoined is confined to a certain class of railroads, and not to all roads, irrespective of the time they commence to carry persons or property over the road. 1Von constat, in the present case, that a year had elapsed since the commencement of running cars for the transportation of passengers or freight over the road upon which the animal was killed. There was no evidence upon the point. How long the defendant had been operating such road did not appear; nor did it appear that such road had been in operation for any definite length of time. Whatever knowledge the court or jury may have had of the facts, could not be availed of to supply the want of proof. It was not a matter of which the court could take judicial cognizance. The plaintiff Was insisting on a statutory liability, and asserting a statutory right—a right not existing at common law; and in order to recover the damages that the company’s breach of duty, thus created, entitled him to if the damages resulted from the want or insufficiency of a fence along the line of the road, it was his duty to show from the facts that such duty of the company existed, and had not been performed. Had the defendant, by its answer, denied that the company was bound by law to fence the road, and had the parties given evidence upon the point, as if the facts were alleged, another question would arise. The legal averment tendered an immaterial issue, and was not to be taken as true, because not denied. The allegations of a pleading that are to be taken as true, if not denied, are material allegations of fact, and not matters of law.
The judgment is reversed, and the cause remanded for a new trial.