UNITED STATES *ex rel.* THE ÆTNA INS. CO. *v.* THE BOARD OF TOWN AUDITORS, etc., OF THE TOWN OF BROOKLYN.

(*Circuit Court, N. D. Illinois.*   August 3, 1881.)

1. VAIN ACTS.

The law never requires one to do an idle or vain act.

2. SAME—TOWN DEBTS—DEMAND—MANDAMUS.

Judgments had been recovered against a town from time to time through a number of years without any action being taken by the town authorities to provide for their payment. Upon an application for a *mandamus* against them to compel them to take the necessary action under the law, *held*, that the writ might issue without a formal demand upon them for their payment, or to proceed as the law required, as it was apparent that to make such demand would be a mere idle act.

*Mr. Bailey,* for relator.

*Edsall & Hawley,* for defendants.

DRUMMOND, C. J.   This is an application by the relator, after due notice, for a peremptory *mandamus* against the defendants to take the necessary steps under the law to assess a tax for the payment of various judgments which have been rendered in this court against the town of Brooklyn, Lee county,—one on the thirteenth of March, 1876, for $5,511; one on the twenty-fourth of June, 1879, for $22,-644.30; one on the thirty-first of March, 1880, for the sum of $5,-120.50; and one on the twenty-fourth of December, 1880, for $5,615.68,—all with costs.

It appears by the petition that these judgments were recovered on interest coupons on bonds issued by the town of Brooklyn to the Chicago & Rock River Railroad Company, in pursuance of law, and in accordance with a vote of the electors of the town. It also appears that the main question involved in these various judgments has in one of the cases been decided by the supreme court of the United States, affirming the validity of the judgment rendered by this court. *Brooklyn* v. *Insurance Co.* 99 U. S. 362.

It is alleged and admitted that the town has no property or effects which could be reached by execution on the judgments. It is also stated that the judgments are all in full force, and in no part satisfied; which statement is not denied by the answer which has been put in. It is averred that the defendants have neglected and refused to make provision for the payment of the interest on the bonds, and that a formal demand for payment of the several judgments would be unavailing. This is not with the necessary explicitness denied by the answer. There can be no doubt that these judgments are a town charge, within the meaning of the statute of the state upon the subject. *Lower* v. *U. S. ex rel.* 91 U. S. 536.

The board of auditors has answered the petition, and states merely that it is not *advised or informed* whether the town has refused or neglected to pay the judgment, or threatened that it will not pay the same, and so denies the truth of the same. The main defence set forth in the answer to the petition is that a demand has not been made by the relator, or by any one on its behalf, for the payment of these judgments, prior to the filing of the petition in this case. The judgments have been offered in evidence, and there is no controversy about the existence of the judgment and their non-payment. The town clerk has demurred to the petition, and the petition, answer, and demurrer have been argued together by the counsel and considered by the court, and the question is whether, upon what may be regarded as the conceded facts of the case, the relator is entitled to a peremptory *mandamus* requiring the board of auditors and the clerk to proceed in conformity with law. The law requires, for the purpose of meeting a charge against the town, that the board of auditors and clerk should duly proceed, in the manner pointed out by the statute, to cause the property of the town to be assessed for its payment. Rev. St. Ill. (Cothran's Ed.) 1507, 1508, "Township Organization," §§ 115, 118, 120, 121, 124.

The two facts which must be considered as established by the pleadings in this case, and by the evidence, are that these judgments

were recovered as stated in the petition; that they have not been paid either in whole or in part; and that no steps have been taken by the proper authorities of the town to cause their payment by the imposition of a tax upon the property of the town. One of the judgments was rendered more than five years since; one more than two years; and the others during the last year. Although it was the duty of the defendants, or the board of auditors and the clerk, under the law, to adopt measures long ago to cause the payment of these judgments, rendered in March, 1876, in June, 1879, and in March, 1880, yet nothing has ever been done, and the only serious question, as I view the subject, is whether it was necessary that a demand should be made in form by the relator, upon the authorities of the town, for their payment, or to proceed in the manner pointed out in the law to cause payment of the judgments. And I think it was not. These judgments were all recovered after due service of process upon the authorities of the town, and after ample opportunity for defence. One of them involving, as I understand, the principle of all the cases, was finally decided by the supreme court of the United States adversely to the defence set up by the town.

It must be presumed, therefore, that these defendants knew of the existence of these various judgments, and that it was their duty to proceed in conformity with law, and that they have failed so to do. It would seem, therefore, to be a vain act to demand that they should proceed under the law, when they had done nothing for a series of years. The only controversy about any of the judgments is as to that rendered in December last. But while it is generally true that a court will not issue a *mandamus* to compel the performance of an act which it is merely anticipated the defendant will not perform, still if the defendant has shown by his conduct that he does not intend to perform the act, and that fact is apparent to the court, it would be a work of supererogation to require that a demand should be made for its performance. Here the only effect of issuing the writ of *mandamus* is to require the authorities of the town to do what by law they are obliged to do. The board of town auditors and the clerk are each a part of the machinery, so to speak, by which the judgments are to be satisfied. The clerk is himself a member of the board of auditors. And therefore it seems to me to be proper and reasonable, and nothing more than the relator has a right to claim of the court, that an order should be issued requiring them to do what the law says, in such a case as this, they must do.

According to my view of the case there is really no material fact

'upon which it would be necessary to take the verdict of a jury. The judgment of this court must, therefore, be for the relator, both on the answer of the board of auditors and the demurrer of the clerk.

The writ will accordingly be directed to issue.