# BOARD OF AUDITORS OF THE TOWN OF COTTONWOOD
## v.
## THE PEOPLE EX REL.

*Mandamus—Duties of Board of Town Auditors—Powers of Town and of Board—Judgment against Highway Commissioners—Reimbursement.*

1.   Mandamus will not lie to compel a board of town auditors to audit and allow a claim of commissioners of highways for reimbursement, because of a judgment secured against them for illegally digging a ditch by the side of the highway, to the damage of an adjoining property owner.

2.   A vote of the town attempting to make the amount of such judgment a charge against the town was *ultra vires* and of no effect.

[Opinion filed September 20, 1890.]

In ERROR to the Circuit Court of Cumberland County; the Hon. W. C. JONES, Judge, presiding.

Messrs. CRAIG & CRAIG and J. B. ATCHISON, for plaintiffs in error.

A complete answer to the remedy sought in this case is this:   If the petitioners have a legal claim against the town of Cottonwood, suit can be maintained in the ordinary way.

The rule seems to be, without any exception, that all claims against this kind of a corporation should be referred to the arbitrament of a jury, or to the ordinary process of the courts, and they can not be determined by proceedings by mandamus.   The existence of other adequate and specific legal remedy is a bar to relief by this extraordinary writ, and the courts will only put in requisition these extraordinary powers, in cases where no remedy can be had in the usual course of the law.   High on Extraordinary Remedies, Sec. 338.

And the case of the People ex rel. v. Clark County, 50 Ill. 213, seems to be conclusive against the petitioners in this case. That was an application for a writ of mandamus to compel the county to pay an order.   The court in that case say:

" Unfortunate, indeed, would be the condition of counties, if every holder of its orders, no matter how small the sum might be, could call for this high prerogative writ. There would be no end to applications for them could this be sanctioned."

The law places funds at the disposal of the commissioners of highways for road and bridge purposes, and if it is a proper case, they could pay it without bringing in the supervisor and town auditors. The supervisor and town auditors can not levy a tax for road and bridge purposes. The commissioners can only do that.

The right of the party asking for a peremptory writ of mandamus must be unquestionable. Silver v. The People, 45 Ill. 225; County of St. Clair v. The People, 85 Ill. 396; People v. The Town of Clayton, 88 Ill. 45; People v. Davis, 93 Ill. 133.

Messrs. L. N. Brewer and W. S. Everhart, for defendants in error.

The argument of counsel for plaintiffs in error seems to have been made without reference or regard to section 9, chapter 87, page 588, S. & C. Stat., by which it is expressly provided that " The proceedings for a writ of mandamus shall not be dismissed, nor the writ denied, because the petitioner may have another specific, legal remedy."

Also the case of Lower v. United States, 91 U. S. 536, L. C. P. & Co., Vol. 23, page 420, in which it is said: " In view of the statute, inquiry whether there is a better mode of redress than one asked for does not arise." Also Highway Commissioners v. People, 73 Ill. 203; People v. Crotty, 93 Ill. 180; E. St. L. v. Millard, 14 Ill. App. 483.

That a board of auditors may be compelled by mandamus to audit and allow a claim when it is a mere ministerial act, has long since been well settled. High on Extraordinary Remedies, page 257; State v. Buckles, 39 Ind. 272; Lower v. United States, 91 U. S. 536, L. C. P. & Co., Vol. 23, page 420.

In the case of State v. Buckles, *supra*, the court says: " A county auditor may be compelled by mandamus to draw his

warrant upon the treasurer of the county for the payment of a sum allowed by the board of county supervisors who have appropriated the money and directed the auditor to draw his warrant therefor."

WALL, J. This was a proceeding by mandamus to compel the board of town auditors of the town of Cottonwood to audit an alleged claim in favor of the relators against the town.

It appears from the averments of the petition that the relators were commissioners of highways of said town, and while acting in that capacity they caused a ditch to be dug along a public highway of the town. This ditch furnished a cause of action to one Robert Scott, who brought suit against the relators, and recovered a judgment against them for the sum of $18 and costs, which costs, together with attorney fees, amounted to $156.60, making a total outlay of $174.60, for which relators sought to be reimbursed in this proceeding. The petition alleges that the ditch was a benefit to the highway, and that the town is enjoying the advantage thereby afforded.

It is further alleged that on the 3d day of April, 1888, at a regular town meeting, a resolution was adopted making said sum a charge upon the town, to be paid out of the town funds, and that the sum should be audited and allowed against the town. It is further alleged that the board of town auditors, though duly requested, refused to audit said account and make it a town charge, and to compel them to do so, this petition was filed.

A demurrer was interposed to the petition, which was over-ruled, and the defendants not desiring to answer further, judgment was entered as prayed, from which an appeal is prosecuted to this court. The statute provides that in each town the supervisor, town clerk and the justices of the peace of the town shall constitute a board of auditors, who shall meet at the town clerk's office for the purpose of examining and auditing the town accounts semi-annually, on the Tuesday next preceding the annual meeting of the county board,

and on the Tuesday next preceding the annual town meeting, at which semi-annual meetings they are required to examine the accounts of the supervisor, overseer of the poor, and the commissioners of highways, for all moneys received and disbursed by them, and also to examine and audit all charges and claims against the town, and the compensation of town officers, except that of the supervisor, for county service. The accounts so audited and those rejected, if any, are to be delivered with the certificate of the auditors to the town clerk, to be by him kept on file for public inspection, and to be produced and read at the next annual meeting, and the accounts so audited, when certified to the county clerk, become the basis *pro tanto* of the tax levy of the town. Chap. 139, Art. 13, R. S. It will be seen that the action of the board of auditors is of the utmost importance, and that their certificate when not impeached has all the force and effect of a final judgment against the town, to be collected by the process of taxation. The board is composed of town officers, chosen by the people, and presumably worthy of public confidence. It is reasonably clear that in the general discharge of their duties, they are expected to exercise their own judgment and to reject all claims not properly chargeable against the town.

It may be conceded that when a court of competent jurisdiction has determined the liability of the town to pay a certain demand, it would be the plain, unquestionable duty of the board to audit and allow the claim, so that it may be included in the next tax levy, as was held in Lower v. United States, 91 U. S. 536, and perhaps there are other instances where the duty to audit is so manifest that mandamus will lie; but whenever there is not so clear and undoubted a right, and where there must be investigation and decision upon facts to be presented and considered, where judgment and discretion must be exercised, mandamus will not furnish the appropriate remedy to compel a particular action or decision. The circumstance relied upon here is that the electors at a town meeting approved this claim and ordered it paid, and the question arising is, what legal significance is there in such action of the town meeting. The town is the creature of the Legisla-

ture, endowed with limited powers and functions, to be used for the purpose of administering government in the locality. It is a mere agency of the State, and can do nothing beyond the defined limits of authority prescribed in the statute.    The powers to be exercised by the electors at the town meeting are set forth with precision and particularity, but we find nothing which in direct terms or by inference would authorize them to pass upon and allow or reject this or any such demand.    We find that the board of auditors is charged with this very duty, and upon familiar rules of construction we hold that the giving of such power to the one and not giving to the other is in effect an exclusion as to the latter.    Hence it is plain that the vote of the electors in the town meeting would not bind the board to reject a proper claim, or to audit and allow an improper one.

Then is this claim so clear and unquestionable that it was the undoubted right of the claimant to have it audited and included in the tax levy for collection?    The judgment in the case of Scott v. the relator was conclusive as to the parties thereto, and those in privity with them, but not as to others. It does not appear what was the nature of the injury done to Scott by the making of the ditch, but it must be inferred, we think, that it was from water thereby turned upon his land. If the commissioners found it necessary to inflict such injury upon the land owner they should have proceeded under Sec. 8, Ch. 121, and having ascertained the damages as there provided, they could lawfully appropriate the road and bridge money of the town to pay the same.    If, without resorting to the forms authorized by law, they inflict injury, they can not ask the town to pay the expenses incurred by them in defending a suit brought against them for such illegal act.    In Cooney v. The Town of Hartland, 95 Ill. 516, the Supreme Court held that the town was not liable to the land owner for an injury to land caused by the unlawful conduct of the highway commissioners in diverting water from its natural course in the construction or improvement of a public highway.    It was there said that if the commissioners seize property without lawful right, or injure the same unlawfully, the tort is

that of the men who did the act, and can not properly be regarded as the act of the corporation. , The claim here presented is by the commissioners for indemnity against the loss sustained by them in a suit brought by the land owners on account of an illegal act for which, according to the rule announced in the case last cited, no action would lie against the town.  If the land owner could not recover in a direct proceeding against the town, upon what ground can the commissioners succeed in this proceeding?

We are of opinion the court erred in overruling the demurrer and in rendering judgment according to the prayer of the petition.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*