THE PEOPLE *ex rel.* Raymond, County Treasurer, ·

*v.*

THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed December 18, 1901.*

1. TAXES—*certificate of board of auditors is the foundation of a town tax to pay claims.* Under sections 4, 5 and 7 of article 13 of the Township Organization act, (Rev. Stat. 1874, p. 1081,) the duty of passing upon claims and demands against the town is imposed upon the board of auditors, and their certificate is the foundation for the levy of a tax to pay such claims and demands.

2. SAME—*power of electors at town meeting to direct tax levy is derived from the statute.* The electors at the town meeting derive their only power to levy taxes from the provisions of the statute, and any tax levied by them for a purpose not authorized is void.

3. SAME—*electors cannot levy a tax to pay the judgments against town.* The electors at an annual town meeting have no power to exercise the functions of the board of auditors by authorizing the levy of a tax to pay outstanding judgments against the town.

APPEAL from the County Court of Cook county; the Hon. R. S. FARRAND, Judge, presiding.

EDWIN W. SIMS, County Attorney, FRANK L. SHEPARD, Assistant County Att'y, and GEO. W. HESS, for appellant:

The action of the electors in providing a fund for payment of judgments is a "purpose required by law." Section 6 of article 5 of chapter 139 provides: "Judgments recovered against a town * * * shall be a town charge." Section 3 of article 4 of same act provides: "The electors present at the annual town meeting shall have power * * * to direct the raising of money by taxation for the following purposes: * * * (3) For any other purpose required by law." Section 8 of article 12 provides: "The following shall be deemed town charges: * * * (3) The moneys authorized to be raised by the vote of a town meeting, for any town purposes; (4) every sum directed by law to be raised for any town purpose."

Power to levy taxes for town purposes is especially given to electors at the annual town meeting. *Railroad Co.* v. *People,* 141 Ill. 483; *Hopkins* v. *People,* 174 id. 416.

SCOFIELD & BROWN, for appellee:

Judgments are a town charge, and as such must be audited by the board of town auditors, who alone have authority to direct the raising of money by taxation for payment of the same.

It is the duty of the board of town auditors to audit judgments against the town and to levy taxes to pay them. *Lower* v. *United States*, 91 U. S. 538; *Badger* v. *United States*, 93 id. 599; *Board of Auditors* v. *People*, 38 Ill. App. 239.

The electors have no power to order a claim paid upon which it is the duty of the board of town auditors to pass. *Board of Auditors* v. *People*, 38 Ill. App. 239.

Terms of general import must be construed as limited by the scope and character of the matters elsewhere named in the act. In section 3 of article 4 of the Township Organization act, the clause "for any other purpose required by law" authorizes taxation only for purposes of the same scope and character with those already enumerated. *Drake* v. *Phillips*, 40 Ill. 388; *Town of Drummer* v. *Cox*, 165 id. 648; *Wilson* v. *Board of Trustees*, 133 id. 471.

A town may exercise only such powers as are granted or which are necessarily implied. Starr & Cur. Stat. chap. 139, par. 39; *Petersburg* v. *Moppin*, 14 Ill. 194; *Drake* v. *Phillips*, 40 id. 388; *Town of Drummer* v. *Cox*, 165 id. 648.

The power of municipal corporations to levy taxes is strictly construed. Any fair and reasonable doubt concerning the existence of the power is resolved against the corporation and the power denied. Cooley on Taxation, (2d ed.) 276; *Comrs. of Highways* v. *Newell*, 80 Ill. 587; *Town of Drummer* v. *Cox*, 165 id. 648.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Before the annual town meeting of the town of Lemont was held on April 4, 1899, judgments had been recovered against said town aggregating more than $3500, but said judgments had not been examined, audited or allowed by

the board of auditors of said town. Among other proceedings had and entered of record at that town meeting the following appears, viz.: "Moved by Mr. H. S. Norton, and duly seconded, that a tax of three thousand five hundred dollars ($3500) be levied for the payment of outstanding judgments against the town of Lemont. Motion prevailed." In pursuance of said resolution the town clerk certified to the county clerk of Cook county the said sum as having been levied at the annual town meeting for the payment of outstanding judgments against the town. By virtue of said certificate the city clerk extended a tax against all taxable property in said town for the year 1899 to raise said sum for said purpose. The only authority of the county clerk for extending the tax was the said certificate of the town clerk, and the only authority of the town clerk was the passage of said resolution. The proportion of said tax extended against the property of the appellee amounted to $559.16, which the appellee refused to pay, and upon application of the collector for judgment and order of sale of its property, the appellee objected that the electors present at the annual town meeting had no power to direct the raising of money by taxation for said purpose. The foregoing facts were agreed upon by the parties, and the objection was sustained by the county court and judgment refused.

The statutory provisions for the payment of claims against towns and the levy of taxes for such purposes are contained in chapter 139 of the Revised Statutes. It is provided by section 6 of article 5 of said chapter that judgments recovered against a town shall be a town charge, and by section 4 of article 13 that the board of auditors shall examine and audit all charges and claims against their town. Section 5 of said article 13 provides that the accounts so audited, and those rejected, if any, shall be delivered, with the certificate of the auditors, or a majority of them, to the town clerk, to be by him kept on file for the inspection of any of the inhabitants of the

town, and that they shall also be produced by the town
clerk at the next annual meeting and shall be there read
by him.    Section 7 of the same article provides that the
board shall make a certificate, to be signed by a major-
ity of the board, specifying the nature of each claim or
demand and to whom the amount is allowed, and shall
cause such certificate to be delivered to the town clerk
of said town, and the aggregate amount thereof shall be
certified to the county clerk at the same time and in the
same manner as other amounts required to be raised for
town purposes, which shall be levied and collected as
other town taxes.    By these provisions of the statute the
duty of passing upon claims and demands against the
town is imposed upon the board of auditors, and their
certificate is made the foundation for the levy of taxes
to pay such claims and demands.    In the case of a judg-
ment recovered against a town in a court of competent
jurisdiction, the remedy of the judgment creditor is by
*mandamus* to enforce the performance of the duty.    *Lower*
v. *United States*, 91 U. S. 536; *Badger* v. *United States*, 93 id.
599; High on Ex. Legal Rem. secs. 104, 377.

It is not denied that the duty and power to exam-
ine and audit the judgments in question rested with the
board of auditors of the town of Lemont, nor that they
were required by law to make their certificate and de-
liver it to the town clerk in accordance with the statute,
who should certify the aggregate amount of the sums
allowed to the county clerk as the basis of the tax, but
it is claimed that the same powers were possessed by
the electors at the annual town meeting, and that they
could direct the levy of a tax for the same purpose.    The
argument is based upon section 3 of article 4 of said
chapter 139, which authorizes the electors, at the annual
town meeting, "to direct the raising of money by taxation
for the following purposes:    First, for constructing or
repairing roads, bridges or causeways within the town,
to the extent allowed by law; second, for the prosecu-

tion or defense of suits by or against the town, or in which it is interested; third, for any other purpose required by law; fourth, for the purpose of building or repairing bridges or causeways in any other town in the same county or in another county," etc.

The electors at the town meeting derive their only power to levy and collect taxes from the provisions of the statute, and any tax levied by them for a purpose not authorized will be void. The powers enumerated relate to raising moneys to be expended, when raised, for town purposes, and have no relation to the settlement and adjustment of existing demands and charges against the town. Neither in express terms nor by inference is any power given to the town meeting to audit and allow or reject claims and charges against the town, but that power is expressly given to the board of auditors. By ordinary rules of construction the statute committing that power and duty to the board of auditors excludes their exercise by the town meeting, and that view is reenforced by the fact that the power to levy taxes for the same purpose by two different bodies would result in double taxation. If both have the same power, the tax by each would be equally legal and valid, and it would be unreasonable to say that the power rests in two different bodies to settle and adjust existing charges against the town and provide for their payment. Furthermore, judgments might often be recovered against a town upon demands of such a nature that the electors at the town meeting could not have authorized the original liability. It has always been held that the proper resort of a creditor to enforce payment of his judgment is to the board of auditors, and not to the town meeting. The auditing of claims and charges against a town involves their examination, settlement and adjustment. In the case of a judgment, the power of the board may be mainly ministerial and extend only to determining the jurisdiction of the court and the validity of the judgment, while in

other matters it involves the exercise of discretion; but as to all such judgments and claims the power is given to the board of auditors and withheld from the town meeting. It follows that the attempt by the town meeting to exercise the powers of the board of auditors was illegal and the tax void.

The judgment of the county court is affirmed.

*Judgment affirmed.*