The Cincinnati, Lafayette and Chicago Railway Co.

*v.*

The People *ex rel.* N. G. Halsey, Jr., County Collector.

*Opinion filed December 16, 1903.*

1. Taxes—*board of auditors cannot levy tax required to be voted on at town meeting.* The board of town auditors has no authority to direct the levy of a tax for the purposes for which, under section 3 of article 4 of the Township Organization act, the electors present at the town meeting have power to direct a levy.

2. Same—*fact that auditors recommended levy does not invalidate tax.* If the record of a town meeting shows a substantial direction to raise money by taxation for purposes authorized by law, the fact that the board of auditors certified that the levy was required for such purposes does not affect the validity of the tax.

3. Same—*certificate of auditors is basis of tax levy to pay claims.* The certificate of the board of town auditors is the foundation of the levy of a tax to pay the claims certified, and the electors at the town meeting cannot direct the levy of a tax for such purpose.

4. Same—*what does not invalidate a town tax.* That the board of town auditors and the electors at the town meeting each attempted to direct the levy of a portion of the town tax, which they had no authority to act upon, does not affect the validity of the tax, where for each portion there is, in substance, a levy by lawful authority.

5. Same—*right of school district to levy tax for building purposes.* A school district which has issued bonds to the full amount limited by its special charter for building purposes may levy a tax for building purposes at the legal rate, and any surplus remaining after paying matured bonds issued for building purposes, and interest on outstanding ones, may be used for building purposes.

APPEAL from the County Court of Kankakee county; the Hon. A. F. DESELM, Judge, presiding.

W. R. HUNTER, for appellant.

BERT L. COOPER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

To the application of the county collector of Kankakee county to the county court for judgment against property of appellant for delinquent taxes, appellant filed objections, which were sustained except as to two items,—the town tax of the town of Aroma, and the excess above the amount necessary to pay maturing bonds and interest on outstanding bonds, of a tax levied by a school district in the city of Kankakee for building purposes. As to those items the objections were overruled and a judgment was entered, from which this appeal was prosecuted.

The board of town auditors of the town of Aroma met in March, 1902, for the purpose of auditing town accounts, and their record recites, that after having audited the same, and the tax levy being under consideration, it was estimated that they required the following amounts as a town tax, to be levied and collected for the following purposes: "For the salaries of town officers, $200; for the care and support of the poor, $100; for the miscellaneous expenses, $100; for the payment of the Sugar Island bridge bonds, $3000." The record of the town meeting held April 1, 1902, contains the following: "The clerk also read the auditor's certificate of tax levy, asking for $200 for salaries of town officers; $100 for the care of town poor; $100 for miscellaneous expenses; $3000 for payment of Sugar Island bridge bonds. Motion by S. W. Scott that the $400 for town expenses be allowed. Motion carried. Motion by S. W. Scott that the bonds for $3000 to pay expensé of building the bridge be issued

for $1000 each, payable in one, two and three years from date of issue." An amendment having been offered and lost, the original motion was voted on and carried. The town clerk certified to the county clerk the amount of $1400 to be levied as a tax for town purposes, as appearing "from the record of entries of moneys voted to be raised at the town meeting and from the certificate of the board of town auditors of said town." The town tax objected to was levied in pursuance of that certificate.

There are separate objections to the $400 made up of the first three items, and to the remaining $1000. The objections to the tax to the extent of $400 are, that the auditors had no power to make any certificate as to what was required for town purposes, and that the electors at the town meeting did not direct the raising of the money by a tax, but merely ratified the attempted levy by the board of auditors, and therefore the levy was void.

Section 3 of article 4, chapter 139, Revised Statutes, (Hurd's Stat. 1899, p. 1706,) authorizes the electors present at the annual town meeting to direct the raising of money by taxation for certain specified town purposes. The board of town auditors had no authority to levy any tax for such purposes, and the action of the board was a nullity. A tax must be levied by the authorities in whom the power to levy it is vested, and the power to raise money by taxation for the specified purposes is given by law to the electors assembled in the town meeting. A meeting must be properly convened, and the record must show, in some form, a substantial compliance with the law in levying the tax. It is not required, however, that any particular form of words shall be used in the record, and if the substance of a vote of the electors at the town meeting directing the raising of money by taxation for lawful purposes appears, the fact that the board of auditors certified that the levy was required will not affect the validity of the tax. In this case the record shows that the $400 in the three separate items

recommended by the auditors to be raised by taxation was allowed, and there is no objection that the purposes mentioned are not legitimate and within the requirements of the law. Neither is there any objection that the electors at the town meeting could not vote money for said purposes. We think the record amounts to a direction that the $400 should be raised by taxation for the specified purposes.

As to the remaining $1000 the objections are, that the electors at the town meeting had no authority to direct the issuing of bonds of the town and that they did not attempt to levy a tax to pay bonds, but the action, at most, was a direction to issue bonds for $3000, payable in one, two and three years. It is true that the electors had no authority to direct the issuing of bonds, but it was within the authority of the board of town auditors to audit all charges and demands against their town and certify the same to the town clerk, to be certified by him to the county clerk. (Hurd's Stat. 1899, chap. 139, art. 13, secs. 3-7, p. 1715.) The duty of passing upon claims against the town is imposed upon the board of auditors. Their certificate is the foundation of a levy of a tax to pay the same, and the electors at a town meeting can not direct the levy of a tax for that purpose. (*People* v. *Chicago and Alton Railroad Co.* 193 Ill. 364.) The board of auditors certified the amount which they required for the payment of bridge bonds, and there is no evidence that there were no outstanding bonds described in the certificate which the auditors might properly allow as a claim against the town. The action of the town meeting related to the maturity of the bonds and the levy seems to have followed their direction, so that the bonds would be paid in one, two and three years, instead of a single payment. The fact that the vote of the electors was followed, although they had no authority in the matter, was not prejudicial to appellant, but rather to its benefit, in reducing the amount of the taxes. It must be conceded

that the action of the board of auditors and of the electors at the town meeting were both irregular, but there was nothing more than irregularities not affecting the substantial justice of the tax. As to each portion of the tax there was, in substance, a levy by lawful authority, although the authorities in each case attempted to levy a portion of the tax which they had no power to levy. The objections to the town tax were properly overruled.

It was stipulated on the hearing that the school district was operating under a special charter, by which its power to incur indebtedness for building purposes is limited to $40,000; that the district had issued bonds to that amount, which were then outstanding and unpaid, and that the amount levied in 1902 against the property of appellant was more than enough to pay its proportion of the bonds then due, and interest on outstanding bonds, by the sum of $119.82. The objection to that tax is, that the school district having reached its limit of indebtedness could not levy any tax for building purposes, and could only raise money by taxation to pay its indebtedness. We do not think that the charter would bear that construction. The limit is to indebtedness, and not to taxation, nor to the power of the district to erect buildings. The district could levy taxes for building purposes within the limit prescribed by the law and devote the surplus above meeting its bonded obligations on account of building to building purposes. There is no claim that the tax was in excess of the rate authorized by law to be raised for building purposes, nor that it was to pay indebtedness beyond the limit. The court was right in overruling objections to this tax.

The judgment is affirmed.            *Judgment affirmed.*