THE PEOPLE *ex rel.* Joseph H. Francis, County Treasurer, Defendant in Error, *vs.* THE ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1910.*

1. TAXES—*when certificates for the additional road tax do not show a contingency.* Certificates for the levy of the additional forty-cent road tax authorized by section 14 of Road and Bridge law, which state that such levies are required "for the purpose of repairing roads washed out by the heavy rains of this spring" and for "several washouts caused by the heavy rainfalls in the spring," do not show a contingency within the meaning of said section 14, but only that the levies are for a purpose included under section 13, limiting the tax for ordinary purposes to sixty cents.

2. SAME—*road tax cannot be levied on original certificate of levy.* The filing of the original certificate of levy of a road and bridge tax and the original consent of the board of auditors and the assessor with the county clerk instead of a certified copy is such an irregularity as invalidates the tax, and it cannot be cured, upon application for a judgment and order of sale, by the filing of a certified copy.

WRIT OF ERROR to the County Court of Grundy county; the Hon. G. W. HUSTON, Judge, presiding.

W. E. VINER, and CORNELIUS REARDON, for plaintiff in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Elgin, Joliet and Eastern Railway Company filed numerous objections to the application of the collector of Grundy county for judgment against the property of the railroad company for certain delinquent taxes for the year 1908. All of the objections have been sustained, waived or otherwise disposed of satisfactorily to the railroad company except its objections to the additional levy of forty cents on each $100 worth of property attempted to be levied by the commissioners of highways in the towns of Aux Sable and Braceville. The county court overruled the objections to these two items of taxes and rendered judgment therefor, to reverse which the railroad company has sued out this writ of error.

The amount of taxes objected for in Aux Sable town is $189.46 and in the town of Braceville $205.66, making a total of $395.12 involved in the objections. This amount was deposited with the county treasurer, as provided by the statute, before the writ of error was sued out.

The objection urged to the tax in Aux Sable town is, that the levy of the additional forty cents for road and bridge purposes was made without a proper certificate of the commissioners of said town. Section 13 of the Road and Bridge act limits the levy for road and bridge pur-

poses to sixty cents on each $100. Section 14 of said act provides that if in the opinion. of the commissioners a greater levy is needed in view of some contingency they may certify the same, and the board of town auditors and assessor, with the consent of the majority of the entire board given in writing, may make an additional levy not exceeding forty cents on each $100. The commissioners attempted to levy forty cents additional road and bridge taxes under section 14. The certificate of the commissioners recited that the additional forty cents was required "for the purpose of repairing roads washed out by the heavy rains of this spring." The evidence shows that the full amount of sixty cents had been levied under section 13, and the board of town auditors and assessor executed and filed with the town clerk their consent, in writing, to an additional levy of forty cents "for the purpose of repairing roads washed out by the heavy rains of this spring."

This court has held in several cases that the power to levy the additional forty cents under section 14 of the Road and Bridge law was not intended to enable the town to raise additional funds for the usual and ordinary road and bridge purposes mentioned in section 13; that section 13 limits the rate of taxation for the ordinary road and bridge purposes to sixty cents, and that the power to levy any part of the additional forty cents can only be exercised to meet some unusual or extraordinary contingency which does not happen regularly in the ordinary course of events. (*St. Louis, Alton and Terre Haute Railroad Co. v. People,* 224 Ill. 155; *Toledo, St. Louis and Western Railroad Co. v. People,* 226 id. 557; *People v. Cincinnati, Lafayette and Chicago Railway Co.* 231 id. 363; *People v. Cairo, Vincennes and Chicago Railway Co.* 231 id. 438.) The statute requires that the contingency which is relied on as authorizing the tax must be stated in the certificate levying the same. The certificate in this case merely recites that the additional forty cents is required

"for the purpose of repairing roads washed out by the heavy rains of this spring." This certificate is not a compliance with the statute. There is nothing in the certificate showing a contingency within the meaning of the statute. One of the purposes for which the sixty cents is levied under section 13 is to repair the roads of the town where repairs have become necessary from any cause, including the usual and ordinary washouts from excessive rain in the spring. If this certificate should be held to state a contingency within the meaning of section 14 the limitation in section 13 would be nullified, since it could be said, in all cases where the commissioners wanted to levy more than sixty cents, that the money was needed to repair roads washed out by heavy rains. We always have heavy rains in the spring and these heavy rains always do more or less damage to the highways, the repair of which is one of the usual and ordinary burdens resting upon the town, which must be discharged out of the road and bridge fund raised under section 13.

The commissioners of highways of the town of Braceville certified that they needed a greater levy than sixty cents to provide for the following contingency: "Several washouts caused by the heavy rainfalls in the spring of 1908." This certificate, while it contains some verbal differences from the one already considered, is in effect the same, and what has already been said with respect to the other certificate applies to this one.

In addition to the defect in the certificate levying the tax in the town of Braceville there is another objection that is fatal to this tax. No certified copy of the certificate of levy in the town of Braceville was filed with the county clerk, but the original certificates of levy and the original consent of the board of town auditors and assessor were filed with the county clerk, and it was upon these original documents, instead of a certified copy, that the tax was attempted to be levied in the town of Braceville.

In *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197, this court held that the filing of the original certificate of levy, as required by the statute, is such an irregularity as invalidates the tax, and that it can not be cured, on application for judgment, by filing a certified copy.

There is one fatal objection to the tax involved in Aux Sable town and two fatal objections to said tax in the town of Braceville. Defendant in error does not attempt to answer these objections. No brief has been filed on behalf of the county collector.

The judgment of the county court of Grundy county is reversed and the cause is remanded to that court, with directions to sustain the objections of plaintiff in error to the additional road and bridge taxes in the two towns in question.    *Reversed and remanded, with directions.*