THE PEOPLE *ex rel.* Dan G. Lee, County Collector, Appellee, *vs.* THE CHICAGO, INDIANA AND SOUTHERN RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. TAXES—*bonds of a town are a claim against the town, which must be audited.* Bonds of a town are claims against the town and must be audited and allowed by the board of town auditors before they can be made the basis for the levy and collection of taxes, and it is not within the power of the electors, at the town meeting, to audit such claims or levy taxes to meet them.

2. SAME—*when certificate of town clerk is properly amended.* If bonds of a town have been audited and allowed by the board of town auditors and a valid levy made by it to pay the same, but the certificate of the town clerk, while it correctly states the amount and purpose of the levy, erroneously states as its basis the action of the electors at the town meeting instead of the certificate of the board of auditors, it is not error to permit such certificate to be amended to show the facts, upon an application for judgment and order of sale for the tax.

3. SAME—*certificate of board of auditors is basis for the town clerk's certificate—what does not overcome it.* The certificate of the board of town auditors, and not the record of the board's proceedings, is the basis for the town clerk's certificate to the county clerk of the tax to pay bonded indebtedness of the town, and the facts that such record does not show the action of the board in allowing the claim, or that it may show the board recommended that the money to pay the bonds be raised at the next annual town meeting, do not overcome the force of a certificate of the board showing the allowance of the bonds as a claim against the town.

4. SAME—*existence of a contingency is an indispensable prerequisite of additional road tax.* The board of town auditors and the assessor have no power to consent to the levy of an additional tax, under section 14 of the Roads and Bridges act, unless a contingency exists and is stated in the certificate of the highway commissioners, and hence if the matters stated in the certificate upon which the board acted do not show such a contingency as is contemplated by law, it cannot be amended, upon application for judgment and order of sale, to show such contingency.

5. SAME—*what does not sustain objection to item of county tax for salary of the officers.* An objection that a portion of an item of county tax for the "salary of the officers" was for salaries of employees who were not within the term "officers," is not sustained

by the mere fact that the county treasurer, who testified for the collector, named various offices and employments, with the salary attached to each, according to a list which he testified was a "list of the officers paid by the county," which he had made.

6. APPEALS AND ERRORS—*when cross-errors cannot be considered.* Cross-errors cannot be considered unless the matters complained of appear either in the abstract of record furnished by the appellant or in an additional abstract furnished by the appellee.

7. The objection to the item of county tax for "care of paupers" was considered in the case of *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and for the reasons there stated was properly overruled.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, and WALTER C. SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, the Chicago, Indiana and Southern Railroad Company, interposed objections to the application made by the county collector of Kankakee county to the county court of said county for judgment for delinquent taxes for the year 1909. Some of the objections were sustained, others were overruled, and a judgment was entered against appellant's property for the taxes to which objections had been overruled, from which judgment appellant has prosecuted this appeal.

Appellant first contends that $89.71 of the town tax of the town of Ganeer is illegal because that sum was extended against its property upon a levy of $1000 made at the annual town meeting to pay certain bonds outstanding against the town. This tax was extended by the county clerk upon the certificate of the town clerk that the electors of the town, at the annual town meeting in 1909, elected

to raise for the year, by taxation, certain sums for certain purposes enumerated in the certificate, including $1000 for bonded indebtedness. At the hearing upon objections appellee asked leave to permit the town clerk to amend his certificate, and offered in evidence a certificate made and signed by the board of town auditors on March 31, 1909, and delivered to the town clerk, in which it was certified that at the meeting of the board held on that day for the purpose of auditing town accounts, bonds numbered 5 and 6 against the town of Ganeer, for $500 each, were presented, examined and allowed. Appellant then offered in evidence that portion of the record of the board of town auditors kept by the town clerk showing the proceedings of the board at its meeting of March 31, 1909, and it did not appear therefrom that any portion of the bonded indebtedness was audited or allowed at the meeting, but, on the contrary, the record did show a resolution adopted by the board at the said meeting recommending that $1000 be raised at the next annual town meeting to pay on bonded indebtedness. After the introduction of this evidence, the court, over the objection of appellant, permitted the town clerk to amend his certificate upon which the tax had been extended, by inserting therein a statement that a claim in favor of the holder of the two bonds for $500 each was audited and allowed by the board of town auditors at their meeting on March 31, 1909. These bonds were charges or claims against the town of Ganeer, and the statute required that they be audited and allowed by the board of town auditors before they could be made the basis for the levy and collection of taxes. (Hurd's Stat. 1909, chap. 139, art. 13, sec. 4.) The electors at the annual town meeting do not possess the power of auditing charges or claims against the town or of levying taxes to meet the same, (*People v. Chicago and Alton Railroad Co.* 193 Ill. 364,) and the certificate of the town clerk was defective in stating the action of the electors at the annual town meeting, instead

of the action of the board of town auditors at the meeting of March 31, 1909, as the basis for his certificate of the levy of $1000 to pay these bonds; but this was an error on the part of the town clerk which did not affect the substantial justice of the tax itself. A valid levy had been made by the proper authorities for a purpose authorized by law. The amount and the purpose for which the same was levied were correctly stated in the certificate upon which the tax was extended, and the county court did not err in permitting the town clerk to amend his certificate to conform to the facts by showing the allowance by the board of town auditors of $1000 in favor of the holders of these bonds. Hurd's Stat. 1909, chap. 120, sec. 191.

Appellant contends, however, that the record kept by the town clerk of the proceedings of the board of town auditors shows that the board did not audit and allow these bonds as a claim against the town but referred the matter of their payment to the electors at the next annual town meeting. Section 7 of article 13 of chapter 139, Hurd's Revised Statutes of 1909, requires the board of town auditors to make a certificate, to be signed by a majority of the board, specifying the nature of the claim or demand and to whom the amount is allowed, and to cause such certificate to be delivered to the town clerk; and this certificate, and not the record kept by the town clerk of the proceedings of the board, is the basis for the certificate of the town clerk to the county clerk upon which the tax is extended. (*People* v. *Chicago and Alton Railroad Co. supra; Cincinnati, Lafayette and Chicago Railway Co.* v. *People,* 206 Ill. 387.) Neither the fact that the record kept by the town clerk did not show the action of the board in allowing the claim, nor the fact that such record showed that the board recommended that the money required to pay the bonds be raised at the next annual town meeting, overcomes the certificate signed by a majority of the board and delivered to the town clerk, showing the allowance of the

248— 9

bonds by the board of town auditors as a claim against the town.

Appellant next contends that $217.82 of the road and bridge tax of the town of Limestone is void. This tax was extended upon the certificate of the town clerk showing that the commissioners of highways had filed in his office their certificate requiring thirty-six cents on each $100 valuation of property for road and bridge purposes and for the payment of outstanding orders drawn on their treasurer for the year 1909, and had also filed their certificate showing an additional amount of twenty-five cents on each $100 valuation levied by the commissioners, with the consent of the board of town auditors and assessor. Appellant paid that portion of the road and bridge tax extended at the rate of thirty-six cents on each $100 valuation but refused to pay that portion extended at the additional rate of twenty-five cents on each $100 valuation, amounting to $217.82, and urges that the additional levy was not made in conformity with the statute, and is void.

The certificate of the highway commissioners that thirty-six cents on each $100 valuation should be levied for road and bridge purposes and for the payment of outstanding orders was made on September 7, 1909. On the same day the commissioners certified to the board of town auditors and the assessor of the town of Limestone that in their opinion a greater levy than thirty-six cents on each $100 valuation "is needed to repair the highways on the section line between sections 5 and 8, town 30, range 14, west, which was flooded by heavy rains on June 24, 1909, also on August 11, 1909, washing away the grade and making the same impassable; and also to repair the highway in the center of section 9, town 31, range 11, east, where the grade was badly damaged by heavy rains on June 24 and August 11, 1909, making the same impassable; and will cause an expenditure of $1200 to repair said places named above, and that it will take all of the thirty-six cents on

each $100 valuation to pay for the ordinary repairs for road work needed this year." The board of town auditors and the assessor thereupon, on the said seventh day of September, in writing, consented to an additional levy of twenty-five cents on each $100 valuation. Appellee offered as a witness one of the highway commissioners of the town of Limestone, who testified, over appellant's objection, that the damages to the highways mentioned in the certificate of the highway commissioners were occasioned by a cloudburst and flood. Thereupon the court permitted the commissioners of highways to amend the certificate which they had made to the board of town auditors and assessor so as to show that the condition of the highways, as described in the original certificate, was the result of "an unusual and extraordinary storm in the nature of a cloudburst, the like of which never happened there before."

The certificate made by the highway commissioners to the board of town auditors and assessor was clearly insufficient. (*People* v. *Elgin, Joliet and Eastern Railway Co.* 243 Ill. 546.) Section 14 of the Road and Bridge act, under which it was sought to make the additional levy, provides that if, in the opinion of the commissioners, a greater levy than the amount authorized by section 13 of the act is needed in view of some contingency, they may certify the same to the board of town auditors and the assessor, and may, with the consent of a majority of this entire board given in writing, make an additional levy of any sum not exceeding twenty-five cents on the $100 of the taxable property of the town. Whether a contingency exists, within the meaning of this section, depends entirely upon the character of the force which causes the condition sought to be remedied, and the certificate must show not only the defects sought to be remedied, but the cause that produced those defects, in order to authorize an additional levy. *People* v. *Kankakee and Southwestern Railroad Co.* 237 Ill. 362.

Appellee virtually concedes that the certificate was in-sufficient, but contends that the amendment made by the commissioners upon the hearing of objections cures the defect.  This defect, however, is not such as can be cured by amendment upon application for judgment.  In *Chicago and Northwestern Railway Co.* v. *People,* 200 Ill. 141, we said: "Where the power to levy a tax is conferred by law and is regularly exercised by the proper authorities in sub-stantial conformity to the law, the court, upon proof of such fact, may permit the certificate of the levy to be amended on the hearing by changing the official designation of the officers, allowing the individual signatures to be substituted for the corporate name and correcting other like formal er-rors.  (*Spring Valley Coal Co.* v. *People,* 157 Ill. 543; *Chicago and Alton Railroad Co.* v. *People,* 171 id. 544; *Chicago and Northwestern Railway Co.* v. *People,* 183 id. 247.)  But if the statute authorizing the levy of the tax has not, in fact, been followed and complied with, the levy cannot be made valid by amendments of certificates or pro-ceedings, because that would not be a correction of a mere irregularity but would be an attempt to make valid a levy at the time of the amendment.  (*People* v. *Smith,* 149 Ill. 549; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.)  There must be a valid levy, which is defect-ive in matters merely formal, to authorize an amendment."

The existence of a contingency is an indispensable pre-requisite of an additional levy under section 14 of the Road and Bridge act, and the statute requires that such contin-gency be stated in the certificate levying the same.  (*Peo-ple* v. *Elgin, Joliet and Eastern Railway Co. supra; Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 Ill. 557.) In the absence of a certificate by the highway commission-ers showing a contingency, the board of town auditors and assessor have no authority to consent to an additional levy. Their consent enters into and is an indispensable part of a valid levy under said section 14, and if such consent has

been given upon a certificate of the highway commission-
ers which does not show some contingency authorizing an
additional levy, the consent is wholly ineffective and no
valid levy can be predicated thereon.    The board of town
auditors and the assessor acted upon the original certificate.
To permit that certificate to be amended upon application
for judgment would result in sustaining the tax upon a cer-
tificate made by the highway commissioners which has never
been before the board of town auditors and the assessor for
consideration.    The amendment was not the correction of
a mere irregularity, but was an attempt to make valid the
levy at the time of the amendment.    The defect in the cer-
tificate was substantial and not merely formal, and the court
erred in permitting the certificate to be amended and in
overruling the objection to this tax.

The county board levied for all county purposes the
sum of $60,000, which included $12,500 for "salary of the
officers" and $8000 for "care of paupers."    Appellant ob-
jected to that portion of the county tax levied for "salary
of the officers" in excess of $7500 on the ground that the
county board had no authority to levy a greater sum than
$7500 for such purpose, and also objected to all that por-
tion of the county tax levied for "care of paupers" on the
ground that the county board had no authority to levy any
tax for the care of paupers in Kankakee county.    These
objections were overruled by the court, and appellant con-
tends that this action of the court was erroneous.

Appellant offered no evidence in support of its objection
to the levy for "salary of the officers," but contends that
a portion of the levy was for salaries of employees who do
not come within the term "officers," and for salaries of
officers who can only receive compensation out of the fees
of their office.    In the case of *People* v. *Kankakee and
Southwestern Railroad Co.* 237 Ill. 362, the same amount
had been levied by the county board of Kankakee county
for the year 1907 for the same purpose, and we there held

that the purpose of this tax was sufficiently designated by the words "salaries of the officers;" that the tax-payer would understand therefrom that the levy was made to pay salaries payable out of the county treasury from money raised by general taxation, and that if the levy for such purpose was greater than it should be, he could then object to the excess. The only means by which the court could determine, upon the hearing of objections, that this levy for "salary of the officers" was greater than it should be, was upon evidence introduced showing the salaries of those officers whose salaries are payable out of the county treasury from money raised by general taxation, as fixed by the county board. No evidence was introduced showing what salaries had been fixed for such officers by the county board. Appellant's argument on this branch of the case is based entirely upon the testimony of the county treasurer, introduced by appellee, showing various offices and employments, and the salary attached to each, according to a list which the witness testified was "a list of the officers paid by the county" which he had made. The most that this evidence can be said to prove is, that at some previous time the salaries mentioned by the witness had been paid by the county to the persons holding the positions specified in the list which he had made. It does not establish that those are the salaries, as fixed by the county board, of the officers of Kankakee county during the year for which the levy was made, or that the offices shown on the list were the only county offices, during such year, filled by persons whose salaries were payable out of the county treasury from money raised by general taxation. The evidence was therefore insufficient to sustain the objection to this portion of the county tax.

The objection to the item of $8000 levied for the "care of paupers" is the same objection that was considered by us at the present term in *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and is there disposed

of on a record identical with the record here, contrary to the contention of appellant. That objection was properly overruled.

Appellee has assigned cross-errors questioning the action of the court in sustaining objections to that portion of the hard road taxes of the towns of Momence and Ganeer in excess of the rate of sixty cents on each $100 valuation. The abstract shows that the court abated the hard road tax of the town of Momence in the sum of $338.72 and the hard road tax of the town of Ganeer in the sum of $276.02, and that appellee excepted to the action of the court, and this is all that is shown by the abstract with reference to these two taxes. Neither the objections, nor the grounds thereof, nor the reasons for the action of the court, appear from the abstract and none of the evidence concerning these taxes is preserved; nor is it shown whether the taxes which were abated were all, or only a portion, of the hard roads taxes levied in those two towns. We cannot presume that the court erred. The error must be shown by the abstract furnished by appellant or by an additional abstract furnished by appellee. No additional abstract has been filed, and as the matters complained of do not appear from the abstract furnished by appellant, the cross-errors cannot be considered.

The judgment of the county court will be affirmed as to the town tax of the town of Ganeer, that portion of the county tax levied for "salary of the officers" and for "care of paupers" and the hard road taxes of the towns of Momence and Ganeer, and as to the road and bridge tax of the town of Limestone it will be reversed and the cause remanded, with directions to sustain the objections.

*Reversed in part and remanded, with directions.*