THE PEOPLE *ex rel.* H. M. Sanders, County Collector, Appellee, *vs.* THE CHICAGO, INDIANAPOLIS AND ST. LOUIS, SHORT LINE RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*additional road tax in town under labor system can not be authorized at special meeting.* The additional road tax levy which may be made under section 119 of the Roads and Bridges act by a town under the labor system can only be authorized by a vote of the electors at the annual town meeting after notice is given as required by law, and not at a special town meeting.

2. SAME—*when the Supreme Court cannot say that certificate for an additional road tax was not sufficient.* Whether the county court erred in overruling an objection to an additional road tax attempted to be levied under section 14 of the Roads and Bridges act, which objection was based upon the ground that the certificate was not sufficient, cannot be determined by the Supreme Court where such certificate is not shown in the record or abstract.

3. SAME—*a tax-payer who objects to sufficiency of certificate must show such insufficiency.* Highway commissioners have authority, under section 14 of the Roads and Bridges act, to levy an additional tax by making a proper certificate and procuring the consent of the town auditors and assessor, and hence a tax-payer who objects to paying the tax upon the ground that the certificate is insufficient has the burden of showing such insufficiency.

4. The objections to the county tax in this case, and the arguments of counsel in support thereof, are the same as in the case of *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 97,) and under the authority of that case the objections should have been sustained to the excess over forty-five cents on each $100.

APPEAL from the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

D. E. KEEFE, (L. J. HACKNEY, of counsel,) for appellant.

W. H. STEAD, Attorney General, J. F. GILLHAM, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Madison county overruling appellant's objections to the county tax, the road and bridge tax in the town of Omphgent and certain road and bridge taxes in the town of Edwardsville.

The objections to the county tax are identical with the objections raised by the railroad company in *People* v. *Cairo, Vincennes and Chicago Railway Co. (ante,* p. 97,) and the briefs of counsel in this case upon that question are the same as in that one. The decision in that case is therefore conclusive in this case that the court erred in not sustaining the objections to the county tax in excess of forty-five cents on each $100 valuation.

Omphgent township is under the labor system. Section 119 of the Road and Bridge law, as amended in 1909, authorizes the commissioners of highways to levy a tax, for the purposes in said section specified, of twenty-five cents on the $100 valuation. Said section also provides "that if the commissioners of highways, or any three legal voters, shall give notice by posting notices in at least three of the most public places of the town, at least ten days before the annual meeting, that a larger amount of money will be required for the purpose of constructing or repairing roads or bridges in their town than can be realized from the real, personal and railroad tax authorized by law to be assessed by the commissioners, the legal voters present at such meeting may authorize an additional amount to be raised by tax, not exceeding twenty-five cents on each $100 valuation." The levy made under section 119 in Omphgent township was $3200, which was at the rate of fifty cents on the $100 valuation. It was stipulated on the trial that the record shows the additional twenty-five cents on the $100 was levied pursuant to authority of a special town meeting held June 19, 1909. Section 119 does not confer authority upon

a special town meeting to authorize the levy of a greater sum than the twenty-five cents on the $100 authorized to be levied by the commissioners. Such authority can only be conferred by the action of the legal voters present at the annual town meeting, after at least ten days' notice has been given by the commissioners of highways or three legal voters that a larger amount of money will be required than can be realized from the levy of twenty-five cents on each $100 valuation by the commissioners. It does not appear from the stipulation that any notice was given of the special town meeting at which the additional levy was attempted to be authorized, but even if notice had been given, by the plain language of the statute authority to make the additional levy can only be conferred at the annual meeting. The court should have sustained the objection as to the additional levy of twenty-five cents on each $100 valuation made pursuant to the action of the special town meeting.

It appears from the stipulation made between the parties at the hearing of the objections that Edwardsville township is under the cash system; that the commissioners of highways of that township made a levy of thirty-six cents on each $100 valuation for road and bridge purposes under section 13 of the Road and Bridge act and an additional levy of twenty-five cents on each $100 under section 14. Appellant objected to the additional levy made under section 14 on the ground that the certificate for said levy does not recite the existence of any contingency that authorized it. Section 14 is as follows: "If, in the opinion of the commissioners, a greater levy is needed in view of some contingency, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, an additional levy may be made of any sum not exceeding twenty-five cents on the $100 of the taxable property of the town." The sufficiency of a certificate to authorize the levy under section 14 has

been frequently before this court. *People* v. *Elgin, Joliet and Eastern Railway Co.* 243 Ill. 546, *People* v. *Peoria and Pekin Union Railway Co.* 232 id. 540, *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 125, and *People* v. *Kankakee and Southwestern Railroad Co.* 231 id. 109, are some of the cases where this question has been discussed.

We are unable to find the certificate in this case under which the additional levy of twenty-five cents on the $100 was made under section 14, either in the abstract or the record. The objections state that the levy was made "upon what is alleged to be a contingency, to-wit, the re-building of Feldman and Landgrader bridges on the Bluff road and Mooney bridge on the Hillsboro road, the repair of bridges culvert at Wheeler place on St. Louis road and repair of bridges on other roads." Appellant in its brief states that the contingency for which the levy was made was "the building of Feldman and Landgreder bridges on the Bluff road and Mooney bridge on Hillsboro road and other bridges, the repair of bridge culvert at Wheeler place on the St. Louis road, and the repair of bridges on other roads, and necessary grading of same and purchase the rock, all made necessary by reason of excessive rains and washes." This does not purport to quote the language of the certificate but purports to be a statement of the substance of it. Even if it purported to be a literal quotation of the certificate we could not be governed by it, as our action must be based upon what appears in the record. The commissioners had authority to levy the additional twenty-five cents in view of some contingency by making the proper certificate and procuring the consent of a majority of the board of town auditors and assessor thereto in writing, and a tax-payer who objects to the levy on the ground of the insufficiency of the certificate has the burden of showing such insufficiency. All the record before us shows is that appellant objected to the levy under section 14 on the ground that the certificate is not sufficient, and that certificate not being

before us, we cannot say that the county court erred in overruling the objections to the levy under section 14, and its ruling as to that tax is sustained.

As to the county tax and the road and bridge tax in Omphgent township the judgment is reversed and the cause remanded, with directions to sustain appellant's objection to the county tax in excess of forty-five cents on the $100 and to the road and bridge tax in Omphgent township in excess of twenty-five cents on the $100.

*Reversed and remanded, with directions.*